# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV334

| | | |
|---|---|---|
| **PISGAH LABS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| **PHARMAFORCE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for a preliminary injunction and the Defendant's motion to stay this action pending arbitration.

## I. PROCEDURAL HISTORY

On October 13, 2005, the Plaintiff, a North Carolina corporation, filed a complaint against the Defendant, a Delaware corporation, in the General Court of Justice, Superior Court Division, of Transylvania County, North Carolina. **Exhibit A, Verified Complaint, *attached to* Notice of Removal, filed November 10, 2005.** The complaint alleges that the Plaintiff and Defendant, as equal

partners, entered into a Limited Liability Company Agreement (Agreement) to form an Ohio limited liability company known as "P&P Pharma, L.L.C." (LLC). *Id.*, ¶ **5.** This company was formed to research, develop, market, sell, and distribute "Liothyronine Sodium Injection, 0.01 mg/mL, 1mL vial." *Id.* The Agreement contained a provision requiring the partners to "mutually agree on a Marketing Partner to exploit the Marketing Rights" of the company and certain time parameters were prescribed in the agreement. *Id.*, ¶ **6.** The parties could not agree on such a partner; and, the complaint alleges the Defendant unilaterally contracted with GeneraMedix without consultation or agreement. *Id.*, ¶ **9.** Plaintiff, on the other hand, proposed Parenta as the marketing partner, a partner rejected by the Defendant. *Id.*, ¶¶ **15, 18.** The matter became urgent when the Food and Drug Administration (FDA) approved the drug for marketing on August 17, 2005. *Id.*, ¶ **22.** The state court complaint sought injunctive relief in the form of an injunction approving Parenta as the marketing partner, a claim for breach of contract, and a third claim for breach of fiduciary duty. *Id.*, **at 5-7.**

On the same date that the complaint was filed in state court, the Plaintiff moved for a temporary restraining order. **Application for Temporary**

**Restraining Order and Preliminary Injunction, filed October 13, 2005.**

Superior Court Judge Laura Bridges denied the motion for a temporary

restraining order on October 20, 2005.  **Order, filed October 20, 2005.**

Undeterred, the Plaintiff renewed its motion for a preliminary injunction on

October 28, 2005.  **Notice and Motion for Preliminary Injunction, filed**

**October 28, 2005.**  The hearing on that motion was set for November 14,

2005, in state court.  ***Id.***

On November 10, 2005, the Defendant removed the action to this

Court based on diversity jurisdiction.  There are now pending the Plaintiff's

motion for a preliminary injunction and the Defendant's motion to stay all

proceedings pending arbitration.


## II.  DISCUSSION

The limited liability company is an Ohio company and the Agreement

provides that the agreement and any litigation arising under it are to be

construed in accordance with the law of Ohio.  **Exhibit A, Limited Liability**

**Company Agreement ["Agreement"], *attached to* Defendant's Motion to Stay**

**Pending Arbitration, filed November 10, 2005, at Article I, Section 1.1,**

**Article 13, Section 13.5.** "This Agreement shall be considered a contract made in the State of Ohio." *Id.* The Agreement also contains an arbitration provision which, in pertinent part, provides:

> Any dispute under this Agreement shall be settled by arbitration held in Knoxville, Tennessee . . ., and in accordance with the Commercial Arbitration Rules of the American Arbitration Association.
>
> . . .
>
> Nothing contained in this Agreement shall prevent either party from resorting to judicial process if injunctive or other equitable relief from a court is necessary to prevent serious and irreparable injury to one party or to others.

*Id.*, **at Article 13, Section 13.6.** This article also contains detailed procedures to make formal demand for arbitration, for the selection of an arbitrator, and the time within which to effect such selection. *Id.* In fact, on October 5, 2005, the Plaintiff's attorney made a formal demand for arbitration by letter and offered four individuals as potential arbitrators. **Exhibit B, *attached to* Affidavit of Michael K. Medors.** "Pursuant to Section 13.6 of the March 27, 2003 Limited Liability Company ("LLC") Agreement establishing P&P Pharma, LLC (the "Company"), Pisgah Labs, Inc. hereby *formally demands arbitration of the dispute concerning the selection of a marketing partner*." *Id.* **(emphasis added).** The relief sought by the Plaintiff from this

Court is "a preliminary injunction authorizing Parenta to act as the marketing partner for the LLC." **Plaintiff's Supplemental Brief in Support of Motion for Preliminary Injunction, filed November 15, 2005, at 6.** Thus, the issue which would be the subject of arbitration is the same relief sought by the motion for a preliminary injunction. Indeed, granting the preliminary injunction would, in effect, moot arbitration because the Plaintiff would have obtained the very relief sought by arbitration.

> Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements. Federal law counsels that questions of arbitrability, when in doubt, should be resolved in favor of arbitration. Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability.

*Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, **251 F.3d 1316, 1322 (11th Cir. 2001) (internal citations omitted).** Here, there is no question as to the enforceability of the arbitration agreement. Both parties acknowledge its existence and enforceability. Indeed, the Plaintiff has already demanded that it be enforced.

The question here is whether injunctive relief should be granted pending arbitration. Since the contract between the parties requires that Ohio law be

used, the law of that state and the Sixth Circuit is consulted.  ***Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (A federal court sitting in diversity applies the conflict of law rules of the state in which it sits unless the relevant documents provide otherwise); *accord, Employers Ins., supra*, at n.7; *Prudential Sec., Inc. v. Plunkett*, 8 F.Supp.2d 514, 516 (E.D. Va. 1998).**

District courts have jurisdiction to enter preliminary injunctive relief despite the fact that the case is subject to binding arbitration.  ***Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373 (6th Cir. 1995); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1050 (4th 1985).**  However, that power is not unlimited.  As noted by the Sixth Circuit,

> [W[here a dispute is subject to mandatory arbitration under the Federal Arbitration Act, a district court has the discretion to grant a preliminary injunction *to preserve the status quo pending the arbitration of the parties' dispute if the enjoined conduct would render that process a "hollow formality."*  The arbitration process would be a hollow formality where "the arbitral award when rendered could not return the parties substantially to the status quo ante."

***Performance Unlimited*, *supra*, at 1379 (quoting *Merrill Lynch, supra*, at 1053-54) (other citations omitted) (emphasis added).**

This case presents the opposite of the normal circumstance in which a party seeks to preserve the status quo while the issue between the parties is litigated. This case presents a circumstance in which granting the preliminary injunction will, in effect, moot the arbitration. Injunctive relief in this case would not preserve the status quo but instead hand the Plaintiff a victory prior to arbitration. *See, e.g., Nationwide Mut. Ins. Co. v. Universal Fid. Corp.*, **2002 WL 31409850, at \*\*6 (S.D. Ohio 2002) (holding that any grant of injunctive relief would "radically alter the existing status quo" making it difficult for any arbitration award to be enforced).** Moreover, the parties' versions of the facts differ sharply. *Prudential Sec., supra* **(citing *Skaggs-Walsh, Inc. v. Chmiel*, 224 A.D.2d 680 (2d Dep't 1996)).** Plaintiff claims the Defendant has steadfastly refused to resolve the dispute, while Defendant has attached letters showing its attempt to do that very thing. It is also compelling that Plaintiff initiated the demand for arbitration, but now seeks judicial intervention.

The Court finds that, although it has the jurisdiction to grant injunctive relief, the parties have demanded arbitration, seek a resolution of their dispute through arbitration, and granting injunctive relief would not maintain the

status quo.  In the event that the Defendant does not reasonably agree on an arbitration panel, the Plaintiff may renew its motion.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for a preliminary injunction is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's motion to stay further proceedings pending arbitration as to selection of a marketing partner is hereby **GRANTED,** and selection of a marketing partner is hereby submitted to arbitration.  The Clerk of Court shall administratively close this case until such time as the parties notify the Court of the conclusion of arbitration.

**Signed: November 22, 2005**

Lacy H. Thornburg
United States District Judge